IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Judy A. Townsend, | ) | C/A No. 9:10-1525-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Judy A. Townsend, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be reversed and this action remanded to the Commissioner. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of August 15, 2002 (amended to

December 31, 2003), due to back pain, abdominal pain, diabetes, depression, and high blood pressure. The plaintiff was 46 years old at the time she alleges she became disabled. She has completed three years of college and has past work experience as a certified nursing assistant.

The plaintiff's DIB application, filed April 11, 2006, was denied initially and on reconsideration. The ALJ held a hearing and later issued a decision on March 23, 2009, concluding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on June 14, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

At the first three steps of the ALJ's inquiry, the ALJ found that Plaintiff had not performed substantial gainful activity since the alleged onset date of disability; that she had "severe" impairments; and that her impairments did not meet or equal the criteria of any impairments in the Listings so as to be per se disabling. 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ found the plaintiff had severe impairments of degenerative disc disease of the lumbar and cervical spine, obesity, and depression, rendering her unable to perform any of her past relevant work (PRW), but she nevertheless retained the residual functional capacity (RFC) to perform light work with certain restrictions. The ALJ further found that plaintiff's asthma, diabetes, hypertension, headaches, cholesterol problems, and abdominal pain were not severe.

Next, the ALJ found that plaintiff's subjective complaints of disabling limitations

were not fully credible and that she had the RFC to perform light work (which involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 20 pounds) with no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional stooping, kneeling, crouching, and crawling; only simple, routine and repetitive tasks; and limited social interaction.

Due to the plaintiff's depression, the ALJ further found that the plaintiff is limited to work requiring only simple, routine, and repetitive tasks with limited social interaction. With regard to the restriction of "limited social interaction," the ALJ noted in his decision that he concurred with state agency psychologists that the plaintiff would perform better in a low stress job setting that did not require ongoing interaction with the public.

At steps four and five, the ALJ found plaintiff could not perform her past relevant work, but could perform other jobs in the national economy pursuant to the Medical-Vocational Guidelines (the Grids), as her non-exertional limitations did not significantly erode the occupational base of unskilled light work contemplated by the Guidelines. Thus, the ALJ concluded that plaintiff was not disabled.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by

(1)     improperly assessing the opinions of her treating physicians;

(2)     failing to consider plaintiff's severe and non-severe impairments

        in combination; and

(3)     improperly applying the Grids to direct a finding of not disabled.

5

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge agrees with the plaintiff that the ALJ committed reversible error by using the Grids to direct a finding that plaintiff was not disabled.  The Magistrate Judge recommends that the ALJ's decision be reversed and remanded to the Commissioner for the purpose of obtaining vocational expert (VE) testimony to establish whether plaintiff can perform other work with her non-exertional limitations.

For the reasons stated below, the court adopts the Magistrate Judge's recommendation, reverses the Commissioner's decision, and remands the matter for further consideration.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Application of the Grids*

Citing *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989), the plaintiff argues, and the Magistrate Judge agrees, that the ALJ erred in applying the Grids to find her non-disabled and that the ALJ should have used the testimony of a VE instead because the Grids do not apply to a claimant who suffers from non-exertional impairments.

6

As the ALJ found that plaintiff's depression resulted in moderate difficulties in social functioning and moderate difficulties in concentration, persistence or pace, the plaintiff suggests that these difficulties would affect the occupational base for simple, light work.

As noted previously, the ALJ found that the plaintiff would need limited social interaction, which the ALJ later defined as "no ongoing interaction with the public," based on the state agency assessments.   The question then is whether this non-exertional mental limitation significantly affects the occupational base of unskilled light jobs contemplated by the Grids.  If it does, as the Magistrate Judge suggests, then use of a VE may be necessary for the ALJ to determine what jobs would be available to the plaintiff.  Without the presence and testimony of a VE at the plaintiff's hearing, it was not possible to obtain any relevant evidence concerning how much a limitation to "limited social interaction" would erode the occupational base.

The Commissioner concedes that the plaintiff had moderate (rather than mild) mental limitations[2] as the ALJ misstated.  However, the Commissioner suggests that the error was harmless because the ALJ ultimately gave the plaintiff every benefit of the doubt by finding that she had a severe mental impairment of depression; agreeing that she had moderate limitations in social functioning and concentration; and including appropriate mental restrictions in the RFC capacity assessment.

The Commissioner also contends in his objections to the Report that ongoing

---

[2] The Commissioner submits that a mere statement that the plaintiff has moderate mental limitations is not an assessment of mental RFC, rather the ratings of mild or moderate are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process (20 CFR § 404.1520a), but the mental RFC capacity assessment used at steps four and five requires a more detailed assessment by itemizing various functions (SSR 98-6p, 1996 WL 374184 at *4. Thus, the Commissioner contends, the RFC reflects the degree of limitation the ALJ found resulted from plaintiffs moderate limitations.

interaction with the public is not a basic mental demand of competitive unskilled work, thus there is no erosion of the occupational base using the Grids and no error by the ALJ.

There are situations where an ALJ can use the Grids to meet its burden at step five. *See Hays v. Sullivan*, 907 F.2d 1453, 1458 (4th Cir. 1990).  However, the Grids do not apply to a claimant who suffers from severe non-exertional impairments, or who cannot perform the full range of work activity within a Grid category.  *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h).

In *Grant v. Schweiker*, 699 F.2d 189 (4th Cir. 1983), the Fourth Circuit Court of Appeals held that where a claimant demonstrates the presence of non-exertional impairments, the Commissioner, in order to prevail, must be required to prove by VE testimony that, despite the claimant's combination of non-exertional and exertional impairments, specific jobs exist in the national economy which he or she can perform. The Grids may satisfy the Commissioner's burden of coming forward with evidence as to the availability of jobs the claimant can perform only where the claimant suffers solely from exertional impairments. *Id*. at 192.

However, in *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984), the Fourth Circuit found that not every malady of a non-exertional nature rises to the level of a non-exertional impairment.  The proper inquiry, under *Grant*, is whether a given non-exertional condition affects an individual's residual functional capacity to perform work of which he or she is exertionally capable.   If the condition has that effect, it is properly viewed as a "nonexertional impairment," thereby precluding reliance on the Grids to determine a claimant's disability.

As the Magistrate Judge notes in his Report, because plaintiff's depression is a severe non-exertional impairment and the ALJ restricted Plaintiff to work requiring only simple, routine and repetitive tasks with limited social interaction, it is certainly likely that the plaintiff cannot perform the full range of work activity within a Grid category.

Notwithstanding these findings, however, the ALJ used the Grids solely to direct a finding of not disabled, ruling that these limitations had little or no effect on the occupational base of unskilled light work. This finding constitutes reversible error, as moderate difficulties in maintaining social functioning or concentration, persistence or pace, would obviously affect the occupational base for unskilled work, precluding reliance on the Grids to direct a finding of not disabled.

Therefore, remand is required so that a VE may be called to address proper hypotheticals which include all of the plaintiff's impairments and identify unskilled light jobs which Plaintiff could perform with her non-exertional limitations.

The ALJ's determination that plaintiff's limitations "have little or no effect on the occupational base of unskilled work at all exertional levels" speculates about the base of unskilled work without supporting this with evidence from the record. Moreover, based upon the record before it, the court is unable to determine whether the ALJ's finding of no disability is supported by substantial evidence.

As for the remainder of plaintiff's contentions of error by the ALJ, on remand the ALJ will be able to reconsider and re-evaluate the evidence as part of the reconsideration of those claims. *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763–64 (W.D.Va.2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is

conducted *de novo*).

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the matter is remanded to the Commissioner for further proceedings consistent with this order and the Report and Recommendation.

IT IS SO ORDERED.

September 12, 2011                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

10